**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY E. JOHNSON, | No.    22-15567 |
| Plaintiff-Appellant, | D.C. No.<br>2:18-cv-02427-RFB-VCF |
| v. | |
| MOORE, Ms.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted November 3, 2023[**]

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Nevada state prisoner Jerry E. Johnson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth Amendment violations arising from unsanitary conditions of confinement.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Johnson failed to raise a genuine dispute of material fact as to whether the prison staff consciously disregarded an excessive risk to Johnson's health by exposing him to unsanitary conditions when he was placed temporarily in an unclean cell for several hours during the transfer of a group of inmates to different cell placements within the prison. *See Toguchi v. Chung*, 391 F.3d 1051, 1056-58 (9th Cir. 2004) (prison officials are deliberately indifferent only if they know of and disregard an excessive risk of serious harm to inmate health); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (lack of sanitation must be severe and prolonged to constitute an Eighth Amendment violation).

**AFFIRMED.**